# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JANICE B. COLEMAN,

          Plaintiff,

vs.

DIAMOND RESORTS INTERNATIONAL, LLC, a Nevada Company, d/b/a POLO TOWERS; and DOES and ROES 1 through X,

          Defendants.

Case No.: 2:10-cv-01509-GMN-GWF

**ORDER**

## **INTRODUCTION**

Before the Court is Defendant Diamond Resorts International LLC's Motion to Dismiss (ECF No. 12). Plaintiff filed a Response on November 9, 2010 (ECF No. 14) and Defendant filed a Reply on November 19, 2010 (ECF No. 15).

## **FACTS AND BACKGROUND**

This case arises out of an alleged civil rights violation committed against Plaintiff by her employer. Plaintiff was employed by Polo Towers from March 25, 2005 until July 6, 2009. (Response ¶3, ECF No. 14). Plaintiff alleges that her First Amendment right of Freedom of Speech was violated when she was fired for expressing her religious beliefs. (*See* Complaint, ECF No. 1). Plaintiff initially filed two complaints with the EEOC against Diamond Resorts International and Polo Towers on February 7, 2008 and May 29, 2008. (*See Id.*; *see also* Right to Sue Notice, Ex. B, ECF No. 14). The notice for Polo Towers is dated January 14, 2010 and the notice for Diamond Resorts International is dated March 5, 2010. (*See* Right to Sue Notice). Plaintiff filed suit in the United States District Court, District of Nevada alleging federal claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and state law on April 13, 2010. (*See* Complaint, Case No. 10-cv-00521-RLH-RJJ, ECF No. 1). Plaintiff

named Diamond Resorts International, LLC as the defendant in that case.

Defendant moved the court for dismissal of the complaint or in the alternative summary judgment. (*See* MTD, Case No. 10-cv-00521-RLH-RJJ, ECF No. 6). Defendant argued that Plaintiff incorrectly named "Diamond Resorts International" when her employer was actually Resort Property Management and Diamond Resorts Centralized Services USA, LLC. (*See* Order, Case No. 10-cv-00521-RLH-RJJ, ECF No. 12). Defendant submitted affidavit testimony that indicated that Diamond Resorts International, LLC did not have the power to hire Plaintiff, determine her salary, or terminate her employment. (*Id.*). The evidence that Plaintiff submitted to the court did not provide sufficient proof that Diamond Resorts was in fact her employer. (*Id.*). The court granted summary judgment in favor of the Defendant based on the fact that no reasonable juror could conclude that Diamond Resorts International, LLC employed Plaintiff. (*Id.*).

Plaintiff subsequently filed the instant suit on September 3, 2010. (ECF No. 1). Defendant filed a Motion to Dismiss based on collateral estoppel and for failure to state a claim under Section 1983 and statute of limitations grounds. (ECF No. 12).

## DISCUSSION

**A.     Collateral Estoppel**

The doctrine of collateral estoppel or issue preclusion "is intended to limit the number of times a defendant may be forced to litigate the same claim or issue, and to promote efficiency in the judicial system by putting an end to litigation." *Peck v. C.I.R.*, 904 F.2d 525, 527 (9th Cir. 1990)(citing *Gilbert v. Ben-Asher*, 900 F.2d 1407, 1409–10 (9th Cir.1990)). "The doctrine provides that 'once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation.'" *Id.* (quoting *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir.1980)). Issue preclusion attaches "[w]hen an issue of fact or law is actually

litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Arizona v. California*, 530 U.S. 392, 414, 120 S.Ct. 2304 (2000) (quoting Restatement (Second) of Judgments § 27, p. 250 (1982)).

Defendant argues that Plaintiff's claim should be dismissed pursuant to the doctrine of collateral estoppel. In Plaintiff's previous case against Defendant the issue of fact regarding whether or not Diamond Resorts International, LLC was her employer was actually litigated and necessarily determined. The court conclusively determined that Diamond Resorts International was not her employer which was essential to its determination of summary judgment in favor of Defendant, because Plaintiff could not state her employment discrimination and retaliation claims against a party that did not employ her. The court examined the evidence presented and determined the factual issue with a valid final judgment.

Plaintiff's claims cannot withstand the motion to dismiss because her claims necessarily rely on Defendant being her employer. Plaintiff submits various pieces of evidence that Diamond Resorts International was her employer including: a 2008 Benefits Enrollment Confirmation, a 2008 Liberty Insurance Corporation form from employer, a letter regarding a denial of Plaintiff's rights under FMLA, a 2005 IRS Tax Return, a guest/employee voluntary statement and a physician care ID card. However, providing evidence which was not introduced in the earlier proceedings does not overcome the preclusive effect of the prior decisions. *See Gupta v. Thai Airways Intern., Ltd.*, 487 F.3d 759, 767 (9th Cir. 2007). Plaintiff had a full and fair opportunity to establish that Diamond Resorts International was her employer in the earlier litigation. She failed to do so and does not now get a do-over. Accordingly, Plaintiff's Complaint against Defendant is dismissed.

**B.     Failure to State a Claim**

Alternatively, Plaintiff's Complaint should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6)

mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

Cir. 2001).

Plaintiff's Complaint alleges a cause of action arising under 42 U.S.C. § 1983 for a violation of a federally protected right – freedom of speech.  A plaintiff may bring suit under § 1983 to redress violations of "rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws" that occur under the color of state law. 42 U.S.C. § 1983.  In order to prevail on a section 1983 claim the plaintiff must demonstrate that: (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981) *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986).

Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 because there is no allegation that Defendant acted "under color of state law."  Plaintiff has not alleged any facts that would connect Defendant to any government entity.  Defendant asserts that it is a private company.  Further, Plaintiff does not provide any argument in response to Defendant's arguments that her employer, as a private entity, did not act "under color of state law."  Therefore, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

**C.    Statute of Limitations**

Plaintiff's Complaint alleges only a violation of her civil rights under 42 U.S.C. § 1983. However it is plausible that plaintiff could have grounds to state a claim under Title VII of the Civil Rights Act of 1964 based on Plaintiff's allegations that she submitted two claims to the Equal Employment Opportunity Commission (EEOC).[1]  (*See* Complaint).  When the Equal

---

[1] Plaintiff did not address this issue in her Response. Instead she reiterated that her claim arises under 42 U.S.C. § 1983. However Plaintiff did state that she was discriminated against pursuant to N.R.S. 613.330.  Plaintiff did not allege any causes of action arising under the Nevada Statute in her complaint and did not request to amend her complaint. Therefore the Court does not address the plausibility of an action arising under N.R.S. 613.330.

Employment Opportunity Commission (EEOC) dismisses a claim, it is required to notify claimant and to inform claimant that she has 90 days to bring a civil action. 42 U.S.C. § 2000e-5(f)(1) (1988). "The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations." *Scholar v. Pacific Bell*, 963 F.2d 264, 266–267 (9th Cir. 1992) (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir.1990)).

Defendant argues that any claim that Plaintiff could assert under Title VII is barred by the statute of limitations. Plaintiff's Response indicates that she filed her first suit after receiving the "right to sue" notices. (Response at ¶2 pg. 2). Plaintiff's first suit was filed on April 13, 2010. The instant suit was not filed until September 3, 2010. Clearly ninety (90) days have passed since Plaintiff was notified by the EEOC of her right to pursue the claim. Thus, under the facts pleaded in the Complaint it is impossible for Plaintiff to assert a cause of action under Title VII because the statute of limitations has expired. Therefore, dismissal with prejudice is warranted because Plaintiff could not possibly cure the deficiencies of the pleading by adding a new defendant.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Diamond Resorts International LLC's Motion to Dismiss (ECF No. 12) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED with prejudice**.

DATED this 17th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge